**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4046**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSE RIVERA MEJIA, a/k/a Jose Rivera, a/k/a Jose Angel
Rivera Mejia, a/k/a Jose Rivera Mejia, a/k/a Jose Simon
Rivera Mejia, a/k/a Jose Simon Rivera,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge. (8:09-cr-00357-AW-1)

Submitted:  September 8, 2011      Decided:  September 30, 2011

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ron Earnest, LAW OFFICE OF RON EARNEST, Takoma Park, Maryland,
for Appellant.  Robert K. Hur, Assistant United States Attorney,
Mara Zusman Greenberg, OFFICE OF THE UNITED STATES ATTORNEY,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Rivera Mejia pleaded guilty, pursuant to a written plea agreement, to illegal reentry into the United States by an alien who previously had been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Mejia to forty-one months of imprisonment, and Mejia now appeals.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning the reasonableness of Mejia's sentence. Counsel concedes, however, that Mejia's plea agreement included a waiver-of-appellate-rights provision. Despite being informed of his right to do so, Mejia has not filed a pro se supplemental brief.

The Government has filed a motion to dismiss the appeal based on the appellate waiver in the plea agreement, which Mejia does not dispute. For the reasons that follow, we grant the Government's motion and dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue on appeal is

within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Mejia knowingly and intelligently entered into the plea agreement and waived his right to appeal his conviction and sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss the appeal.

This court requires that counsel inform Mejia, in writing, of the right to petition the Supreme Court of the United States for further review. If Mejia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mejia. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
